FILED ___ ENTERED
LODGED ___ RECEIVED

SEP 06 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EVERETT JAMESLEE HAYES,<br>Defendant. | NO. CR21-172 RSL<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Catherine L. Crisham of the Western District of Washington, and Defendant Everett Jameslee Hayes and Defendant's attorney Nancy Tenney, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(C)(1)(B):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in a Superseding Information.

Plea Agreement - 1
*United States v. Hayes*, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.   **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Superseding Information.

    a.   Unlawful Possession of a Firearm, as charged in Count One of the Superseding Information, in violation of Title 18, United States Code, Section 922(g);

    b.   Unlawful Possession of Ammunition, as charged in Count Two of the Superseding Information, in violation of Title 18, United States Code, Section 922(g);

    c.   Unlawful Possession of a Firearm, as charged in Count Three of the Superseding Information, in violation of Title 18, United States Code, Section 922(g); and

    d.   Transportation for the Purpose of Prostitution, as charged in Count Four of the Superseding Information, in violation of Title 18, United States Code, Section 2421.

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.   **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

    a.   The elements of Unlawful Possession of a Firearm, as charged in Counts One and Three of the Superseding Information, are as follows:

> <u>First</u>, that Defendant knowingly possessed a firearm;
> <u>Second</u>, that the firearm had been shipped or transported from one state to another or from a foreign nation to the United States;
> <u>Third</u>, that at the time Defendant possessed the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Plea Agreement - 2
*United States v. Hayes*, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        Fourth, that at the time Defendant possessed the firearm, he knew he
        had been convicted of a crime punishable by imprisonment for a term
        exceeding one year.

    b.    The elements of Unlawful Possession of Ammunition, as charged in Count Two of the Superseding Information, are as follows:

        First, that Defendant knowingly possessed ammunition;

        Second, that the ammunition had been shipped or transported from one state to another or from a foreign nation to the United States;

        Third, that at the time Defendant possessed the ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

        Fourth, that at the time Defendant possessed the ammunition, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

    c.    The elements of the offense of Transportation for the Purpose of Prostitution, as charged in Count Four of the Superseding Information, in violation of Title 18, United States Code, Section 2421, are as follows:

        First, that the Defendant knowingly transported a person in interstate or foreign commerce; and

        Second, the Defendant transported a person with the intent that such person engage in prostitution or any sexual activity for which a person can be charged with a criminal offense.

**4.**    **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

    a.    For the offense of Unlawful Possession of a Firearm, as charged in Counts One and Three of the Superseding Information: 1) a term of imprisonment of up to ten years; 2) a fine of up to $250,000; 3) a period of supervision following release from

Plea Agreement - 3
United States v. Hayes, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

prison of up to three years; and 4) a $100.00 special assessment. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

   b. For the offense of Unlawful Possession of Ammunition, as charged in Count Two of the Superseding Information: 1) a term of imprisonment of up to ten years; 2) a fine of up to $250,000; 3) a period of supervision following release from prison of up to three years; and 4) a $100.00 special assessment. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

   c. For the offense of Transportation for the Purpose of Prostitution, as charged in Count Four of the Superseding Information: a maximum term of imprisonment of up to ten years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

  Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

  Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

  Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Plea Agreement - 4
*United States v. Hayes*, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

     Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

     **5.**    **Immigration Consequences.**  Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

     **6.**    **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

     a.    The right to plead not guilty and to persist in a plea of not guilty;

     b.    The right to a speedy and public trial before a jury of Defendant's peers;

     c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

     d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

Plea Agreement - 5
United States v. Hayes, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

e.    The right to confront and cross-examine witnesses against Defendant at trial;

f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.    The right to appeal a finding of guilt or any pretrial rulings.

7.    **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

Plea Agreement - 6
*United States v. Hayes*, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

        d.     Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

    **8.**    **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

    **9.**    **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

**Defendant's July 20, 2021 Arrest**

        a.     On July 20, 2021, an undercover law enforcement officer conducted a community area check of the Motel 6 parking lot located at 20651 Military Road South, SeaTac, Washington. While conducting this area check, the officer observed a male bleeding from a large wound on his face. At the same time, the officer saw a white Hyundai SUV quickly drive away from the injured male, pull out of the parking stall driving over the curb, and head north towards the motel exit. Based on the male's significant injury, the fact that the injured male had been looking at the white SUV as it left, and the SUV's quick departure after driving over the curb, the officer believed that this vehicle had some connection to the male and his significant injury.

        b.     The officer followed the SUV out of the complex, where it ran a red light before taking the on-ramp to northbound Interstate 5. Another law enforcement officer subsequently followed the SUV as it pulled into a gas station, where the officer conducted a traffic stop. The Defendant immediately got out of the driver's seat, shut the door, and faced the officer. The officer noticed that the Defendant's right pants pocket was inside-out, which was indicative of someone quickly removing an item from tight-fitting jeans.

        c.     The Defendant's driver's license status was suspended, and he was required to use an ignition interlock device when driving, which the SUV did not have. The Defendant was arrested for driving with a suspended license and driving a vehicle without the required ignition interlock device. During a search incident to arrest, the arresting officer seized two .40 caliber rounds of ammunition from the Defendant's pants pocket, as well as two cell phones and $1,889.00 cash on his person. The Defendant acknowledges that this currency is proceeds of unlawful activity.

        d.     Law enforcement obtained a search warrant for the white SUV that the Defendant had been driving. Searching officers located a Taurus PT140Pro pistol in .40 caliber in the center console. The pistol had a magazine, loaded with seven rounds of

Plea Agreement - 7
*United States v. Hayes*, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ammunition, and a spent shell casing in the chamber. The Defendant acknowledges that on July 20, 2021, he possessed the Taurus PT140Pro pistol, and the two .40 caliber rounds of ammunition that were seized from his front pocket, as well as the .40 caliber rounds of ammunition in the magazine.

e. Law enforcement officers also searched the area around the Hotel 6 and located a trail of blood between the lower level and room #231. The door to room #231 was ajar, and officers entered the room to ensure that no one was in need of medical assistance. No one was located inside the room. While inside room #231, detectives noticed what appeared to be a bullet hole in the door of the room. Based on the damage, detectives believed the bullet hole came from the inside of room #231. A witness in the room next door told law enforcement that s/he had heard a fight in room #231 and could hear multiple males and a female arguing, as well as a sound that s/he thought was a gunshot. Detectives subsequently reviewed video footage at the Motel 6 and observed a subject who matched the Defendant's description exit room #231 shortly before the undercover officer arrived to do the community area check at the hotel.

**Defendant's October 7, 2021 Arrest**

f. On October 6, 2021, law enforcement officers executed a warrant for the Defendant's arrest. Prior to the arrest, officers saw the Defendant enter a silver Honda Civic parked in a gas station in Seattle and sit in the front passenger seat. After the Defendant got in the car, officers saw his upper body lean forward as if he was placing something under the seat or on the floorboard. Agents then initiated the arrest, and the Defendant was removed from the passenger seat without incident. Agents subsequently searched the vehicle and located a Smith & Wesson model SD40 VE, .40 caliber pistol from underneath the front passenger seat. The pistol was loaded with nine rounds of ammunition, including a round in the chamber. Agents also recovered approximately 100 "M-30" pills weighing 15 grams.

g. Latent fingerprints were recovered from the Smith & Wesson pistol and were identified as belonging to the Defendant. The Defendant acknowledges that on October 7, 2021, he possessed the Smith & Wesson pistol that was recovered from underneath the front passenger seat of the Civic, as well as the approximately 100 "M-30" pills.

h. The Defendant further acknowledges that (1) the Taurus PT140Pro pistol that is the subject of Count One of the Superseding Information; (2) the two .40 caliber rounds of ammunition that are the subject of Count Two of the Superseding Information; and (3) the Smith & Wesson pistol that is the subject of Count Three of the Superseding Information were all manufactured outside the State of Washington and were transported in interstate or foreign commerce prior to being recovered in the State of

Plea Agreement - 8
United States v. Hayes, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Washington. The Defendant also acknowledges that the firearms and ammunition were involved in his commission of the offenses charged in Counts One through Three.

i. The Defendant further acknowledges that at the time he possessed the above-listed firearms and ammunition, he knew he had prior felony convictions for which he was sentenced to, and served, more than twelve months of imprisonment. These convictions include: (1) *Domestic Violence Felony Violation of a Court Order*, under cause number 18-1-03277-2, dated on or about June 7, 2019, in King County Superior Court, Washington, under the alias Everett James Kennebrew; (2) *Unlawful Possession of a Firearm in the Second Degree* and *Assault in the Third Degree – Domestic Violence*, under cause number 15-1-01092-8, dated on or about July 17, 2015, in King County Superior Court, Washington, under the alias Everett James Kennebrew; and (3) *Robbery in the Second Degree* and *Felony Harassment*, under cause number 11-1-10661-2, dated on or about January 20, 2012, in King County Superior Court, Washington, under the alias Everett James Kennebrew.

**Transportation for the Purpose of Prostitution**

j. During the summer of 2021, including in August 2021, the Defendant caused an adult female, T.M., to travel in interstate commerce from the State of Washington to the State of California. The purpose of this travel was to have T.M. engage in prostitution and provide the Defendant with her earnings.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. For the charges of Unlawful Possession of Firearms/Ammunition, as charged in Counts One through Three of the Superseding Information, the following Sentencing Guidelines provisions apply:

Plea Agreement - 9
*United States v. Hayes*; CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     i. A base offense level of 14, pursuant to Section 2K2.1(6), because the Defendant was a prohibited person at the time of the offense;

     ii. A four-level increase, pursuant to Section 2K2.1(b)(6)(B), because the Defendant possessed the firearm listed in Count Three (the Smith & Wesson model SD40 VE) in connection with another felony offense, to wit, distribution of controlled substances.

   b. For the charge of Transportation for the Purpose of Prostitution, as charged in Count Three of the Superseding Information: a base offense level of 14, pursuant to Section 2G1.1 of the United States Sentencing Guidelines.

  In addition, the parties agree that a two-level increase, pursuant to Section 3D1.4 of the United States Sentencing Guidelines, should be applied because Counts One through Three and Count Four constitute different Groups under the Sentencing Guidelines and the offense levels of the Groups are within four levels of each other.

  The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

  **11.** **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

  **12.** **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree that at the time of sentencing, the government will recommend a sentence no higher than the high end of the advisory

Plea Agreement - 10
*United States v. Hayes*, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Sentencing Guidelines range, as calculated by the Court at the time of sentencing, and the Defendant will recommend a sentence no lower than the low end of the advisory Sentencing Guidelines range.  Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law.  Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.   Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

**13.    Forfeiture**. Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any and all firearms and ammunition that were involved in the commission of the crimes of Unlawful Possession of a Firearm, as charged in Counts One and Three of the Superseding Information, and Unlawful Possession of Ammunition, as charged in Count Two of the Superseding Information. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to:

   a. The Taurus PT140Pro pistol in .40 caliber and associated ammunition listed in Count One of the Superseding Information;
   b. The two .40 caliber rounds of ammunition listed in Count Two of the Superseding Information; and
   c. The Smith & Wesson SD40VE pistol in .40 caliber and associated ammunition listed in Count Three of the Superseding Information.

The Defendant also agrees to forfeit to the United States immediately his right, title, and interest in all property that constitutes or is traceable to proceeds of his commission of Transportation for the Purposes of Prostitution, as charged in Count Four of the Superseding Information, as well as any property used or intended to be used to commit or to facilitate that offense.  All such property is forfeitable pursuant to Title 18,

Plea Agreement - 11
*United States v. Hayes*, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States Code, Section 981(a)(1)(C), by way of 28 United States Code, Section 2461(c) and Title 18, United States Code, Section 2428(a).

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.

The United States reserves its right to proceed against any remaining firearms and ammunition not identified in this Plea Agreement if they were involved in the offenses set forth in Counts One through Three, as well as any proceeds of and any property used or intended to be used to commit or to facilitate the offense set forth in Count Four.

**14.     Abandonment.** Defendant also agrees that, if any federal law enforcement agency seized any firearms, firearm accessories, ammunition, proceeds of unlawful activity, or illegal contraband that were in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that property. Defendant specifically abandons any firearms, firearm accessories, and ammunition seized from him on or about July 20, 2021, and August 5, 2021, referenced in paragraphs 9c- i, but not addressed in paragraph 13.

**15.     Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes

Plea Agreement - 12
*United States v. Hayes*, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

**16.  Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is

Plea Agreement - 13
United States v. Hayes, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

**17. Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

**18. Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to

Plea Agreement - 14
*United States v. Hayes*, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

**19. Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//

Plea Agreement - 15
*United States v. Hayes*, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20.     **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of September, 2022.

_____
EVERETT JAMESLEE HAYES
Defendant

_____
NANCY TENNEY
Attorney for Defendant

_____
TODD GREENBERG
Assistant United States Attorney

_____
CATHERINE L. CRISHAM
Assistant United States Attorney

Plea Agreement - 16
*United States v. Hayes*, CR21-172 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970