Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-172-RSL |
| Plaintiff, | |
| v. | **PRELIMINARY ORDER** |
| EVERETT JAMESLEE HAYES, | **OF FORFEITURE** |
| Defendant. | |

THIS MATTER comes before the Court on the United States' Motion for Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Everett Jameslee Hayes's interest in the following property ("Subject Property"):

1.    A Taurus PT140Pro pistol, .40 caliber and associated ammunition; and

2.    Two .40 caliber rounds of ammunition.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

//

Preliminary Order of Forfeiture - 1
*United States v. Hayes*, CR21-172-RSL

- The Subject Property is forfeitable pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), as property involved Defendant's commission of Unlawful Possession of a Firearm and Unlawful Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1); and is also forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and 18 U.S.C. § 2428(a), as proceeds of, or property used or intended to be used to commit or to facilitate Defendant's commission of, Transportation for the Purposes of Prostitution, in violation of 18 U.S.C. § 2421; and

- Defendant agreed in the Plea Agreement he entered on September 6, 2022, to forfeit the Subject Property pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c); and 18 U.S.C. § 2428(a). Dkt. No. 34 ¶ 13.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c); 18 U.S.C. § 2428(a); and Defendant's Plea Agreement, Defendant's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3) The Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, and/or its authorized agents or representatives ("ATF") shall maintain the Subject Property in its custody and control until further order of this Court;

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official

Preliminary Order of Forfeiture - 2
*United States v. Hayes*, CR21-172-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

        a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

        b.    shall be signed by the petitioner under penalty of perjury; and,

        c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5)    If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6)    If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

///

///

Preliminary Order of Forfeiture - 3
*United States v. Hayes*, CR21-172-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7)  The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this ___28th___ day of _____October_____, 2022.

THE HON. ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented by:

_s/ Krista K. Bush_
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-2242
Fax: (206) 553-6934
Krista.Bush@usdoj.gov

Preliminary Order of Forfeiture - 4
*United States v. Hayes*, CR21-172-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970